IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-01664-RPM

JOSEPH MARTINEZ,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS and
COLORADO SPRINGS POLICE DEPARTMENT METRO
VNI DETECTIVE CHASE PASSANANTE,, and
UNKNOWN COLORADO SPRINGS POLICE DEPARTMENT METRO
VNI DETECTIVES,

    Defendants.
_____

ORDER OF DISMISSAL
_____

    On June 24, 2011, Joseph Martinez filed a complaint naming the City of Colorado Springs and Colorado Springs Detective Chase Passanante as defendants, claiming violations of the plaintiff's First, Fourth and Fourteenth Amendments to the United States Constitution and seeking damages under 42 U.S.C. § 1983. The case was drawn to United States District Judge Walker D. Miller and United States Magistrate Judge Michael E. Hegarty. An Order of Reference to Magistrate Judge Hegarty was entered and a conference scheduled for September 8, 2011. The defendants filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) on July 18, 2011. Upon Judge Miller's retirement, the case was reassigned and this Court entered an Order Vacating the Order of Reference on August 9, 2011 and on August 10, 2011 extended time for the plaintiff to respond to the motion to dismiss. On August 18, 2011, the plaintiff responded by filing a first amended complaint which named only the defendant Chase Passanante in his individual capacity. The second amended complaint was filed later in the day changing one of the dates in the factual allegations.

    The plaintiff having conceded the City's motion by amending the complaint to delete the claims against the City, the question presented is whether the amended complaint has factual allegations

sufficient to form a basis for a claim of a constitutional violation. It does not. The defendant Passanante can only be held liable for his personal participation in a constitutional violation. Accepting all the allegations of the amended complaint as true, the role of the defendant in the arrest and subsequent detention of the plaintiff was a submission of an affidavit for an arrest warrant for participation in an undercover drug purchase made by Chase Passanante on September 16, 2009 based on an erroneous identification of Joseph Martinez as the person called "Casper" at that time. The plaintiff alleges that this identification was made recklessly because Officer Passanante used a data base of police records concerning persons using the name Casper, which included Joseph Martinez because of an earlier arrest for criminal trespass in 2008. Plaintiff contends that in his police report the defendant had written that "Casper" had a clearly identifiable tattoo on his shin and the plaintiff has no such tattoo. What is missing from the amended complaint is any participation by defendant Passanante in the arrest of the plaintiff when he voluntarily presented himself at the criminal justice center, approximately four months later, and was arrested based on the incorrect identification in the warrant.

At best, the amended complaint shows negligence by defendant Passanante in failing to take steps to better identify the participant in the drug sale resulting in an incorrect identification in the affidavit for arrest warrant. That is not sufficient to establish liability for a constitutional violation. It is therefore

ORDERED that the motion to dismiss is granted and this civil action is dismissed.

DATED:   August 19th , 2011

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior Judge